**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FELIX HASSON,<br><br>Plaintiff,<br><br>-vs-<br><br>MAXIMILLIAN KRCHMAR,<br><br>Defendant. | Case No.: 1:26-cv-00114<br><br>**DECLARATION OF MICHAEL H ANSELL, ESQ. IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

I, **MICHAEL H ANSELL, ESQ.**, of full age, hereby certify as follows:

1. I am the Managing Member of the law firm of NextGen Counsel LLC, counsel for Defendant Maximilliam Krchmar ("Defendant") in the above-captioned matter. As such, I have personal knowledge of the facts and circumstances stated herein.

2. I am a New Jersey and New York licensed attorney admitted to practice: (i) in those states; (ii) in the District of New Jersey; (iii) the Southern District of New York; (iv) the Eastern District of New York; (v) the Western District of New York; and (vi) the Third Circuit Court of Appeals.

3. I make this Declaration in support of the Defendant's Motion to Dismiss Plaintiff Felix Hasson's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

4. This action was first initiated in this Court under Case No. 24-cv-9693 (the "Initial Action"), and involved numerous defendants for claims arising from entirely separate and unrelated events.

5. Plaintiff filed his first Complaint in the Initial Action on or about December 16, 2024, which did not include Defendant.

6. Plaintiff filed his First Amended Complaint in the Initial Action on or about May 15, 2025, which added Defendant as a party.

7. Between the filing of his initial Complaint and his First Amended Complaint in the Initial Action, Plaintiff voluntarily dismissed defendants Luminosity Gaming (USA), LLC, Jeffrey Franco, House of 3000 LLC, Unknown Defendants 5-6, Even Matchup Gaming Inc., and Luminosity Gaming Inc. with prejudice pursuant to Rule 41(a)(1)(A)(i).

8. Defendant Geoffrey Tirrell filed an Answer to Plaintiff's First Amended Complaint in the Initial Action on or about August 13, 2025.

9. Plaintiff filed his Second Amended Complaint in the Initial Action on or about August 21, 2025. Attached hereto as **Exhibit A** is a true and accurate copy of the Second Amended Complaint (without exhibits) filed by Plaintiff against Defendant in the Initial Action.

10. Between the filing of his First Amended Complaint and his Second Amended Complaint in the Initial Action, Plaintiff voluntarily dismissed defendant Cyrus Gharakhanian with prejudice pursuant to Rule 41(a)(1)(A)(i)..

11. On or about September 17, 2025, Defendant filed a letter in the Initial Action requesting a pre-motion conference for a motion to dismiss. Attached hereto as **Exhibit B** is a true and accurate copy of a pre-motion letter I sent to the Court in the Initial Action on or about September 17, 2025, seeking a pre-motion conference for a motion to dismiss.

12. On that same date, Plaintiff filed a letter in the Initial Action requesting a pre-motion conference for a motion for a preliminary injunction against Defendant and defendant Geoffrey Tirrell. Attached hereto as **Exhibit C** is a true and accurate copy of a pre-motion letter sent to the Court by Plaintiff's counsel in the Initial Action on or about September 17, 2025, seeking a pre-motion conference for a motion for a preliminary injunction.

13. On September 19, 2025, Defendant filed a response to Plaintiff's pre-motion letter in the Initial Action, and Plaintiff filed a response to Defendant's pre-motion letter. Attached hereto as **Exhibit D** is a true and accurate copy of a letter I sent to the Court in the Initial Action on or about September 19, 2025, in response to Plaintiff's letter seeking a pre-motion conference for a motion for a preliminary injunction. Attached hereto as **Exhibit E** is a true and accurate copy of a letter Plaintiff's counsel sent to the Court in the Initial Action on or about September 19, 2025, in response to Defendant's letter seeking a pre-motion conference for a motion to dismiss.

14. On October 8, 2025, Plaintiff filed a letter in the Initial Action requesting a pre-motion conference for a motion for sanctions pursuant to Fed. R. Civ. P. 11 against Defendant's counsel based on Defendant's response to Plaintiff's pre-motion letter for a motion for a preliminary injunction. Attached hereto as **Exhibit F** is a true and accurate copy of a pre-motion letter sent to the Court by Plaintiff's counsel in the Initial Action on or about October 8, 2025, seeking a pre-motion conference for a motion for sanctions pursuant to Fed. R. Civ. P. 11 against Defendant's counsel based on Defendant's response to Plaintiff's pre-motion letter for a motion for a preliminary injunction.

15. On October, 9, 2025, Defendant filed a response to Plaintiff's letter requesting a pre-motion conference for a motion for sanctions in the Initial Action. Attached hereto as **Exhibit G** is a true and accurate copy of a letter I sent to the Court in the Initial Action on or about October 9, 2025, in response to Plaintiff's letter seeking a pre-motion conference for a motion for sanctions.

16. Following a conference with the Court in the Initial Action regarding Plaintiff's and Defendant's pre-motion letters, Plaintiff filed a letter advising the Court that Plaintiff would not pursue its motion for a preliminary injunction or accept Defendant's proposed stipulated preliminary injunction (which the Court had indicated provided Plaintiff with the relief sought).

Attached hereto as **Exhibit H** is a true and accurate copy of a letter sent to the Court by Plaintiff's counsel in the Initial Action on or about October 22, 2025, advising the Court that Plaintiff would not pursue its motion for a preliminary injunction.

17. Plaintiff further advised the Court that he would not be pursuing the motion for sanctions.

18. Finally, Plaintiff advised the Court that he accepted the Court's offer to amend the Complaint by November 11, 2025, before Defendant filed his motion to dismiss, and that Plaintiff would consult with Defendant's counsel regarding a proposed motion practice timeline and scheduling order.

19. In response thereto, the Court in the Initial Action entered an Order on October 23, 2025, terminating the pre-motion conference and granting Plaintiff leave to file a Third Amended Complaint. Attached hereto as **Exhibit I** is a true and accurate copy of an Order entered by the Court in the Initial Action on or about October 23, 2025, terminating the pre-motion conference and granting Plaintiff leave to file a Third Amended Complaint.

20. On or about November 10, 2025, Plaintiff sought to voluntarily dismiss, without prejudice, Defendant and defendants Fawn Chandler, Thomas Fredrickson, Jett Lewis, Jonathan Mendez, Jordan Russell, Andrew Sorensen, Geoffrey Tirrell, Unknown Defendants 2, Unknown Defendants 3, Unknown Defendants 4, Unknown Defendants 7, Unknown Defendants 8, Noah Villeneuve from the Initial Action pursuant to Rule 41(a)(1)(A)(i), leaving only Waypoint Media Café LLC as the sole defendant in the Initial Action.

21. On or about November 11, 2025, Plaintiff filed a letter to the Court in the Initial Action requesting that the Court extend his time to file the Third Amended Complaint from November 11, 2025, until one week after the Court approved the foregoing voluntary dismissal.

A true and accurate copy of Plaintiff's letter to the Court in the Initial Action, dated November 11, 2025, is attached hereto as **Ex. J**.

22. Due the fact that defendant Geoffrey Tirrell had already filed an Answer in the Initial Action, on or about December 10, 2025, Defendant filed a request to voluntarily dismiss all defendants, except Geoffrey Tirrell and Waypoint Media Café LLC, from the Initial Action without prejudice pursuant to Rule 41(a)(1)(A)(i).

23. The Court granted Plaintiff's voluntary dismissal in the Initial Action on or about December 11, 2025.

24. Defendant then filed a Third Amended Complaint in the Initial Action against only Geoffrey Tirrell and Waypoint Media Café LLC on or about January 4, 2026.

25. On or about January 20, 2026, Plaintiff voluntarily dismissed defendant Geoffrey Tirrell with prejudice from the Initial Action pursuant to Rule 41(a)(1)(A)(i).

I hereby declare, pursuant to 28 U.S.C. § 1726, that the foregoing is true and correct to the best of my belief and understanding.

*/s/ Michael Ansell*
MICHAEL H ANSELL, ESQ.

Dated: March 25, 2026