# EXHIBIT B

NextGen Counsel

**NextGen** Counsel LLC
Michael Ansell, Esq.
9 Egbert Avenue
Morristown, NJ 07960
Ph: 732.539.0920
michaelansell@nextgencounsel.com
www.nextgencounsel.com

September 17, 2025

**Via ECF**
Hon. Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

**Re: Hasson v. Luminosity Gaming (USA) LLC**
**Case No.: 24-cv-9693 (NRB)**
**Defendant's Pre-Motion Letter to Dismiss Complaint**

Dear Judge Buchwald:

This firm represents Defendant Maximillian Krchmar ("Defendant") in the above-referenced matter. Pursuant to Your Honor's Individual Rule, please accept this letter as Defendant's Pre-Motion Letter to Dismiss Plaintiff Felix Hasson's Second Amended Complaint, ECF Doc. No. 118 (the "Complaint"), pursuant to the Court's Individual Rule 2(B). Due to the number of claims asserted in the Complaint, Defendant requests the Court's indulgence in filing this overlength pre-motion letter.

Plaintiff alleges that because Defendant was involved in the decision to ban Plaintiff from the Luminosity Makes Big Moves Smash tournament ("LMBM") tournament for Plaintiff's public hate speech in response to complaints from other participants about such speech, Defendant has violated of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II")); the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982 ("Section 1981" and "Section 1982", respectively)); N.Y. Civ. Rights Law §§ 40, 40-c, and 41; the New York City Human Rights Law, NYC Administrative Code 8-107; New York Executive Law § 296; and breached a contract. For the reasons set forth below, Defendant respectfully submits that Plaintiff's Complaint should be dismissed with prejudice.

## I. Pleading Standards For Claims Pursuant To Title II, Sections 1981 & 1982, N.Y. Civ. Rights Law §§ 40, 40-c, 41, NYC Administrative Code 8-107, And New York Executive Law § 296

The standard for whether discriminatory intent was adequately pled under Title II is the same as under § 1981. *See Stone v. N.Y. Pub. Library*, No. 05 Civ. 10896(DLC), 2008 U.S. Dist. LEXIS 32800, 2008 WL 1826485, at *3 (S.D.N.Y. Apr. 22, 2008), *aff'd*, 348 F. App'x 665 (2d Cir. 2009). Moreover, "claims pursuant to NYCRL § 40, NYSHRL § 296, and NYCHRL § 8-107(4) are analyzed identically to their section 1981 claims." *Henry v. Lucky Strike Entm't, LLC*,

No. 10-CV-03682 (RRM) (MDG), 2013 U.S. Dist. LEXIS 124939, at *41-42 (E.D.N.Y. Sep. 1, 2013) (internal citations omitted).

A plaintiff bringing a claim under Title II must allege facts showing (1) that he was deprived of equal use and enjoyment of a place of public accommodation and (2) facts which demonstrate discriminatory intent. *See Coward v. Town & Vill. of Harrison*, 665 F. Supp. 2d 281, 307 (S.D.N.Y. 2009). At the motion to dismiss stage, "the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted). "A plaintiff's naked allegation that the defendant acted based on the plaintiff's race and color is too conclusory to survive a motion to dismiss." *Bentley, Jr. v. Mobil Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015).

It is well-settled that in order to establish a prima facie case of discrimination, there must be some evidence that the defendant knew of the plaintiff's protected status. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 54 n.7 (2003); *see also Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 81-82 (2d Cir. 2005) (finding that "a defendant's discriminatory intent cannot be inferred, even at the prima facie stage, from circumstances unknown to the defendant"). Moreover, where the plaintiff acknowledges a non-discriminatory reason for an adverse action, without any alleged facts that this reason was pretextual, dismissal at the pleadings stage is warranted. *See Martinez v. City of N.Y.*, 338 F. App'x 71, 73 (2d Cir. 2009) (dismissing complaint where "the complaint acknowledged the Defendants' non-discriminatory reason for the adverse action and failed to allege facts which, if proved, would establish that this reason for the penalty was pretextual, and that the action was, in fact, taken due to a discriminatory animus.").

## II. Plaintiff Failed To Adequately Allege Discriminatory Intent

In this case, Plaintiff fails to allege that Defendant was ever aware that Plaintiff was Jewish at or before the time the decision was made to ban him from the LMBM tournament. *See* ECF Doc. 118 at ¶¶ 35-41. This alone compels dismissal of Counts I-X of Plaintiff's Complaint. *See Raytheon Co. v. Hernandez*, 540 U.S. at 54 n.7. Moreover, Plaintiff admits the existence of a non-discriminatory basis for him being barred from the LMBM tournament; namely that a third-party reported Plaintiff's hate speech and stated. It is undisputed that Plaintiff made the following public statements:

- In reference to Palestinians playing Smash: "would have been mad funny if the most popular character was snake or any other character that pulls bombs." *See* ECF Doc. 118 at ¶ 35 & **Ex. 1** at p. 4.
- In response to a Palestinian tweeting that she "Lost everything", Plaintiff posted "LMAOOO". *See* ECF Doc. 118 at ¶ 37 & **Ex. 1** at p. 6

It is further undisputed that, when the third-party reported Plaintiff's speech, he stated, "how is any Palestinian supposed to feel safe at your major when people who relish in and cheer for the complete extermination of their friends and family are allowed in the same space?" *See* ECF Doc.

118 at ¶ 39. It further undisputed that it was in response to this report that Plaintiff was banned from the LMBM tournament. *See* ECF Doc. 118 at ¶ 41. Since Plaintiff does not allege facts that this reason was pretextual, dismissal at the pleadings stage is warranted. *See Martinez*, 338 F. App'x at 73.

## III. Zionist Is Not A Protected Class

Contrary to Plaintiff's allegation that Zionism is a protected class, that has been rejected by the courts in this District. *See Gartenberg v. Cooper Union for the Advancement of Sci. & Art*, 765 F. Supp. 3d 245, 264-66 (S.D.N.Y. Feb. 5, 2025) (finding allegations concerning protests, fliers, and other expressions related to the Israeli-Palestinian conflict, which touched on topics like Zionism, colonialism, and racism, could not alone survive a motion to dismiss under Rule 12(b)(6)); *Kopmar v. Ass'n of Legal Aid Attys.*, No. 24-CV-5158 (JPO), 2025 U.S. Dist. LEXIS 134446, at *18-19 (S.D.N.Y. July 15, 2025) (finding that "at least one court in this district has refused to extend federal antidiscrimination protections to 'pure political speech,' including when such speech is alleged to be antisemitic by dint of its criticism of Israel and Zionism" and that antidiscrimination laws "may not 'single out for opprobrium only that speech directed toward . . . specified disfavored topics.'") (quoting *Virginia v. Black*, 538 U.S. 343, 358 (2003)); *see also Canel v. Art Inst. of Chi.*, No. 23 CV 17064, 2025 U.S. Dist. LEXIS 30309, at *27 (N.D. Ill. Feb. 20, 2025) (distinguishing "between conduct that merely criticizes Israeli government policy or Zionist ideology and conduct that 'sends a message that Jews as a class do not belong in Israel while justifying and encouraging violence against those Jews who do live there.'" (quoting *Gartenberg*, 765 F. Supp. 3d at 268)); *Landau v. Corp. of Haverford Coll.*, 780 F. Supp. 3d 548 (E.D. Pa. 2025) ("I reject Plaintiffs' embedded proposition that any anti-Israel speech is intrinsically antisemitic, because reasonable people acting in good faith can challenge decisions of the Israeli government without harboring antisemitic views.")

The Complaint is devoid of any allegation that Plaintiff was ever referred to as Jewish or otherwise discriminated against based on his race or religion. Instead, Plaintiff relies solely on references to him being a Zionist to support his claims. In fact, Defendant is not even alleged to have referred to Plaintiff as a Zionist until after Plaintiff sent a message to Gharakhanian in response to being banned from the LMBM tournament identifying himself as a Zionist. *See* ECF Doc. 118 at ¶ 41.

## IV. Plaintiff Failed To Sufficiently Allege Facts To Support Prospective Relief Under Title II

Under Title II, a plaintiff cannot obtain money damages, only prospective injunctive relief. *See Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 401, (1968). To show standing for prospective relief, a plaintiff must plead and prove a "real and immediate threat of repeated injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *see also James v. Am. Airlines, Inc.*, 247 F. Supp. 3d 297, 306 (E.D.N.Y. 2017) (dismissing Title II claim where the complaint alleges that the plaintiff was the victim of a single act of discrimination by one or two employees onboard a specific aircraft under specific circumstances involving an altercation between herself and another

passenger). Similarly, in this case, Plaintiff's Complaint alleges a single act of discrimination by specific individuals under specific circumstances involving a specific event. Plaintiff does not allege that the LMBM tournament will be conducted again or that Defendant will be involved in it. In any event, if there is another tournament, establishment, or group that Defendant exercises any control over who participates, Defendant hereby agrees to permit Plaintiff to participate, thereby rendering Count I of Plaintiff's Complaint moot, compelling its dismissal with prejudice.

## V. Plaintiff Has Not Complied With The Notice Requirement Under N.Y. Civ. Rights Law §§ 40, 40-c, and 41 (Counts IV, V & VI)

Although "New York Civil Rights Law § 41 'establishes a private cause of action to recover a statutory penalty against those who violate these rights or who aid or incite such a violation'", *Feacher v. Intercontinental Hotels Grp.*, 563 F. Supp. 2d 389, 407 (N.D.N.Y. 2008) (citation omitted), Section 41 requires that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general." N.Y. Civil Rights Law § 41. "The failure to comply with the notice provisions of New York Civil Rights Law Article 4 is fatal to a private action under that Article." *Feacher v. Intercontinental Hotels Grp.*, 563 F. Supp. 2d 389, 407 (N.D.N.Y. 2008) (citation omitted). Here, Plaintiff has not alleged that he complied with this requirement, compelling the dismissal of Counts IV, V (incorrectly identified as Count IV in the Complaint) & VI (incorrectly identified as Count V in the Complaint) of Plaintiff's Complaint with prejudice.

## VI. Plaintiff Admitted His Contract Was Not With Defendant (Count XI)

To assert a breach of contract claim under New York law, "a plaintiff must plead (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Markatos v. Citibank, N.A.*, 760 F. Supp. 3d 70, 84 (S.D.N.Y. 2024) (citing *Aubrey v. New School*, 624 F. Supp. 3d 403, 413 (S.D.N.Y. 2022)). Here, Plaintiff now falsely alleges the existence of a contract between him and Defendant. However, before settling with Event Matchup Gaming Inc. ("EMG"), *see* ECF Doc. No. 66, Luminosity Gaming (USA), LLC, *see* ECF Doc No. 51, and Luminosity Gaming, Inc., *see* ECF Doc. No. 67 (collectively "Luminosity"), Plaintiff admitted that EMG and Luminosity hosted the LMBM tournament. *See* ECF Doc. No. 1 at ¶¶ 6-7, 38, 40. Plaintiff also alleged that his contract for the LMBM tournament was with EMG and Luminosity. *See* ECF Doc. No. 1 at ¶ 137. Just because Plaintiff has now settled with and dismissed EMG and Luminosity from this case does not change the party with whom he contracted with. Accordingly, based on Plaintiff's own admissions, he never had a contract with Defendant, compelling dismissal of Count XI (incorrectly identified as Count X in the Complaint) with prejudice.

## VII. Plaintiff's Complaint Should Be Dismissed With Prejudice

"[I]t is within the sound discretion of the court whether to grant leave to amend." *In re Alcon S'holder Litig.*, 719 F. Supp. 2d 280, 281 (S.D.N.Y. 2010) (quoting *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994)). Courts will deny leave to amend in cases of, among other things, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal citation omitted). In this case, permitting Plaintiff to amend his Complaint for the third time would be futile. Plaintiff has no basis to allege that Defendant was aware that he was Jewish before the decision to ban him from the LMBM tournament was made, nor can Plaintiff change his admission to the existence of a non-discriminatory basis for his ban. There are no facts that would change the law that a Zionist is not a protected class. Likewise, Plaintiff cannot change the fact that the alleged discriminatory conduct was a onetime event, not subject to prospective injunctive relief. Amendment to the Complaint would not cure Plaintiff's failure to serve notice on the attorney general as required to pursue a claim under N.Y. Civil Rights Law § 41. Finally, Plaintiff cannot change his admission that his contract for the LMBM tournament was with EMG and Luminosity, not Defendant. Therefore, dismissal with prejudice is appropriate.

## VIII. Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court grant his Motion to Dismiss Plaintiff's Complaint with prejudice.

Sincerely,



Michael H Ansell, Esq.

cc: All counsel of record (via ECF)