# EXHIBIT C

National Jewish Advocacy Center, Inc.
3 Times Square
New York, NY 10036

NJAC National Jewish Advocacy Center

September 17, 2025

**VIA ECF**
Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Hasson v. Luminosity Gaming (USA) LLC et al.*, 1:24-cv-09693-NRB, Request for Pre-Trial Conference in Advance of Filing Motion for Preliminary Injunction

Dear Judge Buchwald,

We write on behalf of Plaintiff in *Hasson v. Luminosity Gaming (USA) LLC et al.*, 1:24-cv-09693-NRB, to request a pre-trial conference in advance of Plaintiff filing a motion for a preliminary injunction against Defendants Maximillian Krchmar and Geoffrey Tirrell, in accordance with Rule 2(B) of this Court's Individual Practices.

Plaintiff filed his Second Amended Complaint (Verified) on August 21, 2025 ("Complaint") against multiple Defendants, including Krchmar and Tirrell, alleging that Defendants committed numerous violations of civil and human rights law[1] in banning Plaintiff, a professional videogamer, from Super Smash Brothers Ultimate ("Smash") tournaments and related venues on the basis of his Jewish identity.

Defendants Krchmar and Tirrell, in coordination with each other, took direct and lead roles in banning Plaintiff from the Luminosity Makes Big Moves Smash tournament ("LMBM") on the basis of his identity. Both Krchmar and Tirrell continue to act as TOs for LMBM and/or other

[1] Plaintiff's claims include violations of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a; the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982; N.Y. Civ. Rights Law §§ 40, 40-c, and 41; the New York City Human Rights Law, NYC Administrative Code 8-107; New York Executive Law § 296.

Smash tournaments. For example, Defendant Krchmar is slated to serve as TO for LMBM tournament in January 2026.

Therefore, Plaintiff intends to seek preliminary injunctive relief against Defendants Krchmar and Tirrell to prohibit them from banning him from Smash tournaments while this lawsuit is pending. A preliminary injunction would easily meet the test used by this Court to determine whether to grant such a remedy, specifically showing that (1) Plaintiff will suffer irreparable harm if the injunction is not granted, and (2) either (a) Plaintiff is likely to succeed on the merits in this case, or (b) there are "sufficiently serious questions going to the merits and a balance of hardships tipping decidedly" in Plaintiff's favor.[2]

With the respect to the first prong, irreparable harm, the Second Circuit has held that in instances of discrimination, such as here, the court recognizes that "stigma" and "humiliation" suffered due to the discriminatory conduct are sufficient for injunctive relief.[3] Here, Plaintiff has and will continue to suffer social ostracization and embarrassment without a preliminary injunction. Moreover, where injunctive relief is the provided for remedy for a statutory violation, then such a violation must be sufficient to satisfy the irreparable harm test; otherwise, "[t]he statutory remedy . . . would become empty rhetoric."[4] Here, Defendants have clearly violated statutes prohibiting discrimination, which provide for injunctive relief as the appropriate remedy. Therefore, Plaintiff easily meets the test for irreparable harm.

Second, Plaintiff is likely to succeed on the merits in this case, even if applying the higher standard for mandatory injunctions, which requires a "clear showing" that the movant is entitled

---

[2] *Innovative Health Sys., Inc. v. City of White Plains*, 931 F. Supp. 222, 239–40 (S.D.N.Y. 1996), *aff'd in part*, 117 F.3d 37 (2d Cir. 1997).
[3] *Gibson v. U.S. I.N.S.*, 541 F. Supp. 131, 135–36 (S.D.N.Y. 1982) (quoting *Danielson v. Local 275, Laborers Int'l Union of N. Am.*, 479 F.2d 1033, 1037 (2d Cir. 1973)) (finding that even in situations where [money] damages are available, irreparable harm may be found if damages are 'clearly difficult to assess and measure.'")
[4] *Id.* at 137 (granting a preliminary injunction in a Title VII case).

to the relief sought.[5] In this instance, Defendants' discriminatory conduct was so brazen that Plaintiff enjoys a high likelihood of succeeding on the merits. For example, the messages sent and shared by Defendants, including Krchmar and Tirrell, make it clear and obvious that Plaintiff was targeted due to his protected identity.[6]

In the alternative, Plaintiff can show the balance of hardships tipping decidedly in his favor. Blatant discrimination on the basis of Jewish identity is a scourge, and if allowed to run rampant, society and this Plaintiff, may never recover. Conversely, Defendants suffer nothing from being prohibited from engaging in illegal discriminatory conduct; indeed, any possible harm in this case flows from Defendants' own discriminatory actions.

Consequently, Plaintiff intends to file a motion for a preliminary injunction against Defendants Krchmar and Tirrell to enjoin them from banning him, prohibiting him, or in any way impeding him from attending Smash tournaments while his lawsuit against Defendants is pending. We request that the Court schedule a pre-motion conference at its earliest convenience regarding Plaintiff's intention to file this motion.

Respectfully Submitted,

*/s/ Rachel Sebbag*

Rachel Sebbag
Matt Mainen
National Jewish Advocacy Center
rachel@njaclaw.org
matt@njaclaw.org
(332) 278-1100

CC: All counsel of record via ECF

---

[5] *Innovative Health*, 931 F. Supp. at 240.
[6] *See, e.g.*, Complaint §§ 41, 44.