# EXHIBIT F

NJAC National Jewish Advocacy Center

**National Jewish Advocacy Center, Inc.**
**3 Times Square**
**New York, NY 10036**

**Hon. Naomi Reice Buchwald**
**United States District Judge Southern District of New York**
**Daniel Patrick Moynihan United States Courthouse**
**500 Pearl Street, Courtroom 21A**
**New York, NY 10007**

October 8, 2025

Re: *Hasson v. Luminosity Gaming (USA), LLC et al.*, No. 1:24-cv-09693-NRB

Dear Judge Buchwald:

I write as counsel for Plaintiff Felix Hasson in the above captioned matter to request a pre-motion conference on my intended Rule 11 motion against Michael Ansell, counsel for defendant Maximillian Krchmar. This motion is justified on grounds described at length in my previous letter, ECF No. 133. In short, Mr. Ansell knowingly made false statements to this Court when I told him in plain English why we rejected his draft of a stipulated preliminary injunction but he instead falsely represented to this Court that our reasons actually centered on a desire for my publicity. I have met and conferred with Mr. Ansell on this issue, who has agreed to waive the 21-day safe harbor provisions of Rule 11 but does not consent to waiving a pre-motion conference. Ex. 1. Needless to say, I find Mr. Ansell's bizarre attempts to justify his scandalous allegations as exhibiting extremely poor and disingenuous leaps in logic, and I intend to ask this Court to restore basic decorum by sending a strong and punitive message to all members and guests of this Court's bar that it will not tolerate unfounded personal attacks on counsel. If there should be any publicity, it should ironically result from such decisive measures from this Court.

I request that conference on this issue occur alongside conference on the other pending matters that this Court has noted it intends to schedule in the next two weeks. Please note that my co-counsel Rachel Sebbag is out of commission until sundown tonight due to the Jewish holiday of Sukkot. I will confirm scheduling with her promptly and anticipate the parties will deliver a joint scheduling request as ordered by tomorrow night that identifies September 16 and 17 as ideal dates

Sincerely,

<u>/s/ *Matthew Mainen*</u>

Matthew Mainen
Litigation Counsel
National Jewish Advocacy Center
matt@njaclaw.org
(301) 814-9007

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **FELIX HASSON** | ) | |
| ***Plaintiff,*** | ) | **Case No. 1:24-cv-09693** |
| **v.** | ) | **Jury Trial Demand** |
| **LUMINOSITY GAMING (USA), LLC et al.** | ) | |
| ***Defendants*.** | ) | |

# EXHIBIT 1

Outlook

## Re: Rule 11 Motion

**From** Matthew Mainen <Matt@njaclaw.org>
**Date** Fri 10/3/2025 5:32 PM
**To** Michael Ansell <michaelansell@nextgencounsel.com>

Thanks, Michael.

---

**From:** Michael Ansell <michaelansell@nextgencounsel.com>
**Sent:** Friday, October 3, 2025 5:31:28 PM
**To:** Matthew Mainen <Matt@njaclaw.org>
**Subject:** Re: Rule 11 Motion

Matt,

I'll waive the 21-day waiting period, but not the pre-motion conference requirement.

Michael H Ansell, Esq.
T: 732-539-0920

---

**From:** Matthew Mainen <Matt@njaclaw.org>
**Sent:** Friday, October 3, 2025 8:18 AM
**To:** Michael Ansell <michaelansell@nextgencounsel.com>
**Subject:** Re: Rule 11 Motion

Michael:

Will you waive the 21 day waiting period and/or the pre-motion conference on our Rule 11 motion? We have very different views on this and I believe it is in the interest of both parties to just get the show on the road.

Best,

Matthew Mainen
Litigation Counsel
National Jewish Advocacy Center

Notice: If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify the sender immediately, and do not use or disseminate the information.

---

**From:** Matthew Mainen <Matt@njaclaw.org>
**Sent:** Thursday, October 2, 2025 2:58 PM

**To:** Michael Ansell <michaelansell@nextgencounsel.com>
**Subject:** Re: Rule 11 Motion

We can just let the judge decide.

Best,

Matthew Mainen
Litigation Counsel
National Jewish Advocacy Center

Notice: If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify the sender immediately, and do not use or disseminate the information.

---

**From:** Michael Ansell <michaelansell@nextgencounsel.com>
**Sent:** Thursday, October 2, 2025 10:07 AM
**To:** Matthew Mainen <Matt@njaclaw.org>
**Subject:** Re: Rule 11 Motion

Matt,

You are trying very hard to squeeze a square peg into a round hole. There are a few glaring issues with your Rule 11 Motion.

First, the entire premise of your Rule 11 motion fails because the statements made by me that you cite are factual contentions, not statements of facts, and are supported by ample evidence cited in my letter. Your disagreement with those contentions does not make them knowingly false. By your own logic, you would be subject to Rule 11 sanctions for every document you filed with the Court, including the Complaint, that states that my client discriminated against your client based on his religion/ethnicity, which my client rejects as false. In fact, in her pre-motion letter for preliminary restraints, Ms. Sebbag falsely states that "Defendants Krchmar and Tirrell, in coordination with each other, took direct and lead roles in banning Plaintiff from the Luminosity Makes Big Moves Smash tournament ("LMBM") on the basis of his identity." Since you rely on even less evidence to support your factual contentions about my client than I do to support my factual contentions about you, if the premise for your Rule 11 motion is valid, you must immediately withdraw your Complaint, and you must advise your colleague to withdraw her letter.

Second, you conveniently omit the fact that when I first contacted you to agree to a preliminary injunction, before even discussing any specific terms, you advised that you were unlikely to agree because you "wanted the case law." Similarly, when you offered your consent to Defendant filing a Motion to Dismiss, you likewise stated that it was because you "wanted the case law." If it walks like a duck, swims like a duck, and quacks like a duck, then it's probably a duck. This provides further evidentiary support for my contention. Thus, using your own logic, when you state that I knew I "lacked the knowledge to make such an assertion" about your motivations, you yourself made a false statement that subjects you to sanctions under Rule 11.

Third, as to Rule 65, the Order we were discussing was a stipulated Order, not one entered by the Court upon your application, rendering Rule 65 inapplicable. *See In re Peck*, 155 B.R. 301, 306 (Bankr. D. Conn. 1993) (a "Stipulated Order is not an injunction"). In any event, my revisions to the proposed Order continued to state its terms specifically and described in detail the acts restraints, namely that Defendant would not ban Plaintiff from any gaming tournament for any reason. If you so strongly believe that Rule

65 is applicable and that its requirements are so stringent, then your proposed Order likewise failed to meet the requirements because it didn't state the reasons for which it was issued. Moreover, you did not cite Rule 65 as a reason for rejecting my proposed revision. This is further evidence on which to support my contention that you were concerned not with trying to comply with Rule 65 but rather trying to get language favorable to your cause in a court order.

While I understand that you don't like the fact that your own public comments paint you in a negative light, you should be more careful about the content of your public statements instead of targeting me for using those statements to support an argument.

Michael H Ansell, Esq.
T: 732-539-0920

---

**From:** Matthew Mainen <Matt@njaclaw.org>
**Sent:** Wednesday, October 1, 2025 9:49 PM
**To:** Michael Ansell <michaelansell@nextgencounsel.com>
**Subject:** Rule 11 Motion

Hi Michael,

Serving this on you under Rule 11(c)(2).

Best,

Matthew Mainen
Litigation Counsel
National Jewish Advocacy Center

Notice: If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify the sender immediately, and do not use or disseminate the information.