# EXHIBIT G

NextGen Counsel

**NextGen** Counsel LLC
Michael Ansell, Esq.
9 Egbert Avenue
Morristown, NJ 07960
Ph: 732.539.0920
michaelansell@nextgencounsel.com
www.nextgencounsel.com

October 9, 2025

**Via ECF**
Hon. Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

**Re: Hasson v. Luminosity Gaming (USA) LLC**
**Case No.: 24-cv-9693 (NRB)**
**Defendant's Response to Plaintiff's Pre-Motion Letter for Rule 11 Sanctions**

Dear Judge Buchwald:

As the Court is aware, this firm represents Defendant Maximillian Krchmar ("Defendant") in the above-referenced matter. Please accept this letter in response pursuant to Your Honor's Individual Rules to letters filed by Plaintiff Felix Hasson's counsel, Matthew Mainen, Esq., on September 21, 2025 (ECF Doc. No. 133), and on October 8, 2025 (ECF Doc. No.136 & 136-1), regarding a request for pre-motion conference for a Rule 11 motion.

Defendant was required to respond to Plaintiff's Pre-Motion Letter for a preliminary injunction filed on September 17, 2025 (ECF Doc. No. 130), and that is what was done on September 19, 2025 (ECF Doc. No. 131). Contrary to Mr. Mainen's repeated assertions, I have never been discourteous to him, as evidenced by the fact that I have agreed to enter into Stipulations as to both the preliminary injunction and filing of a motion to dismiss, and negotiated both in good faith. However, being courteous does not require ceding to Plaintiff's unreasonable demands or holding back from zealously advocating for my client using all information known to me and arguments supported thereby. I will continue to be both courteous and a zealous advocate for Defendant. Mr. Mainen, on the other hand, has engaged in a relentless publicity campaign about this case, which not only paints Defendant in a false light, but has also resulted in Defendant receiving online threats and harassment. If any conduct should be sanctioned, it is his.

Moreover, the entire basis of Mr. Mainen's Rule 11 motion is his claim that Defendant's argument that "Mr. Mainen rejected these revisions [to the proposed Stipulated Order for Injunctive Relief] for no other reason than the fact that he is using this case for publicity that could be used to support his agenda" is knowingly false. However, the entire premise of Plaintiff's Rule 11 motion fails because the statements made by me are factual contentions, not statements of facts, and are supported by ample evidence cited in my letter of September 19, 2025 (ECF Doc. No. 131). Mr. Mainen's disagreement with those contentions does not make them knowingly false. By his own logic, Mr. Mainen would be subject to Rule 11 sanctions for every document he's filed with the Court, including the Complaint, that states that Defendant discriminated against Plaintiff

based on his religion/ethnicity, which Defendant rejects as false. Since Mr. Mainen relies on even less evidence to support his factual contentions about Defendant than I do to support my factual contentions about Mr. Mainen, if the premise for his Rule 11 motion is valid, Plaintiff must immediately withdraw his Complaint any other filed documents alleging that Defendant discriminated against Plaintiff based on his religion/ethnicity

Mr. Mainen also conveniently omits the fact that when I first contacted him via telephone to agree to a preliminary injunction, before even discussing any specific terms, he advised that he was unlikely to agree because he "wanted the case law." Similarly, when Plaintiff offered his consent to Defendant filing a Motion to Dismiss, Mr. Mainen likewise stated that it was because he "wanted the case law." If it walks like a duck, swims like a duck, and quacks like a duck, then it's probably a duck. This provides further evidentiary support for my contention.

Additionally, Mr. Mainen has argued that the reason he rejected the proposed revisions to the Stipulated Order is due to the requirements of Rule 65. However, Mr. Mainen never cited Rule 65 as a reason for rejecting my proposed revisions. Moreover, the Order we were discussing was a stipulated Order, not one entered by the Court upon Plaintiff's application, rendering Rule 65 inapplicable. *See In re Peck*, 155 B.R. 301, 306 (Bankr. D. Conn. 1993) (a "Stipulated Order is not an injunction"). In any event, my revisions to the proposed Order continued to state its terms specifically and described in detail the acts restrained, namely that Defendant would not ban Plaintiff from any gaming tournament for any reason. If Mr. Mainen so strongly believes that Rule 65 is applicable and that its requirements are so stringent, then his proposed Order likewise failed to meet the requirements because it didn't state the reasons for which it was issued. It is clear that this argument was thought up by Mr. Mainen after the fact, and was not the basis upon which he rejected my proposed revisions.

It's ironic, and telling, that Plaintiff's proposed language limiting the potential reasons for him being banned to only "Mr. Hasson's Jewish identity, including his Zionism and related support of and affinity to Israel and its military" would not actually protect him from the conduct he alleges was unlawful in this case. Plaintiff was banned for making hateful public statements about another group of people based on their ethnicity/national origin. Thus, Plaintiff's proposed Order would permit him to be banned for that reason, which further suggests that Plaintiff agrees that the defendants' basis for banning him was permissible, undermining the entirety of his case. Rather, it is much more logical, based on Mr. Mainen's private and public comments, that he wants language in an Order filed by the Court that ties the protected status of Judaism to support for Israel and its military to cite to in future public statements to support of his agenda. Remember, Mr. Mainen, in direct reference to his motivations in this case, has stated in published interviews:

> "'What we're doing is we're really pushing for case law that when you tell a Jewish person that you're not going to include them in your place of public accommodation because they support Israel, that alone constitutes discrimination,' said Hasson's lawyer, Matthew Mainen."

> "'The precedent that this case might set would really focus in on not just video games, but any place that's offering services that's attempting to deny them on the basis of someone's support for Israel,' Mainen said. 'It's going to be the launch point for a lot of cases in the future.'"[1]

Pursuant to Rule 11(b)(2), Plaintiff may be permitted to make a "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; however, he is still limited by Rule 11(b)(1) from filing a motion "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Pursing a motion for relief that Defendant has already agreed to based on Mr. Mainen wanting "case law" serves no proper purpose.

Incredibly, Plaintiff also claims that I made "false attacks on [his] character" because I quoted from his public statements about this case. While I understand Mr. Mainen's concern that his own public comments may reflect poorly on his character, he should be more careful about the content of his public statements instead of trying to sanction opposing counsel for using those statements to support a good faith argument.

Accordingly, Plaintiff has demonstrated absolutely no basis for the filing of a Rule 11 motion.

Sincerely,



Michael H Ansell, Esq.

cc: All counsel of record (via ECF)

[1] https://www.timesofisrael.com/high-ranking-gamer-banned-for-pro-israel-stance-could-forge-new-legal-precedent-for-us-jews/